# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STANFORD COLEMAN (# 44886)**                                                                 **PLAINTIFF**

v.                                          **No. 3:06CV72-D-B**

**G.E.O., ET AL.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Stanford Coleman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that the defendants provide him only one washcloth and one towel; he further alleges that the defendants shut down the laundry service during the weekends. The plaintiff alleges that these actions create unsanitary conditions and thus violate the Eighth Amendment prohibition against cruel and unusual punishment. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane

conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

The plaintiff's complaints of having only a single towel and washcloth – and having to endure weekends without laundry service – do not meet that standard. After a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court finds that the plaintiff's claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. The instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of June, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE